INHABITANTS OF ORONO *vs.* JOHN W. VEAZIE.

Where, in the trial of a writ of entry, the plaintiff's title depends upon a tax sale, his production, in pursuance with R. S., c. 6, § 145, of the "treasurer's deed, duly executed and recorded, the assessments signed by the assessors, their warrants to the collector," and proof "that the taxes were advertised according to law," make only a *prima facie* case.

While the plaintiff is making out a *prima facie* case, by proofs on his part, the defendant may contest the sufficiency of the plaintiff's evidence to establish the requirements of the statute, without being required to pay or tender the amount of "taxes, charges, and interest."

If the defendant would go further, and introduce proof, he must pay or tender the "amount of all taxes, charges, and interest," as required by the latter clause of § 145, whereupon he may take advantage of all illegalities in the raising, assessing, and collecting of the tax.

ON REPORT.

WRIT OF ENTRY to recover about ten acres of land in Orono.

The plaintiffs' claim under a tax sale had, by virtue of R. S., c. 6, § 142 *et seq.* The land in question was taxed to the defendant, as a non-resident.

The defendant proposed to contest the tax-title, but the presiding judge ruled that he could not do so without paying or tendering the amount of taxes, charges, and interest. Thereupon the case was reported to the full court to obtain a construction of R. S., c. 6, § 145.

*J. A. Peters* and *F. A. Wilson*, for the plaintiffs.

*Rowe & Appleton*, for the defendant.

APPLETON, C. J. This is a writ of entry in which the demandants claim to recover the premises in controversy by virtue of a tax-title.

By R. S., c. 6, provision is made for the sale of real estate for the non-payment of taxes assessed thereon. By § 145, " In any trial involving the validity of any such sale, it shall be sufficient for the party claiming under it, to produce the treasurer's deed, duly exe-

cuted and recorded, the assessments signed by the assessors, their warrants to the collectors, and to show that the taxes were advertised according to law; but no person shall be entitled to commence, maintain, or defend any action or suit in law or equity, on any ground involving the validity of such sale, until the amount of all taxes, charges, and interest, as aforesaid, shall have been paid or tendered by the party contesting the validity of the sale, or by some person under whom he claims."

The production of "the treasurer's deed, duly executed and recorded, the assessments signed by the assessors, their warrants to the collector," and proof "that the taxes were advertised according to law," make out a *prima facie* case for the party claiming under a tax-title. They do nothing more. This is obvious, for if proof of these facts were to be held conclusive it would be in vain, when they are established, to attempt to maintain an action or a defense against a tax-title. These papers, and the advertisement being in accordance with law, the burden shifts, and the party, contesting the validity of any sale, must show illegality in these proceedings.

But the party contesting the validity of the sale is required to tender the amount of "all taxes, charges, and interest." Assuming the proofs deemed sufficient by § 145 make out only a *prima facie* case, when are the "taxes, charges, and interest" to be paid or tendered? Is the payment or tender to be made before or after the party, claiming under a tax sale, has made out his *prima facie* case? If before, the owner of the tax-title may never make out the proofs deemed sufficient. It cannot be foreknown that they will all be established. If the party, claiming under a tax-title, fails in showing legal assessments, warrants, or advertisements, he fails in showing any title to the land in dispute or to the taxes assessed thereon. If he fails in one essential, he fails in all. Is the owner of the land to pay taxes before it is shown that any are due? Is the mere assertion of a claim under a tax-title sufficient to require the contestant of such title to tender and to pay taxes, &c., before he can be permitted to contest the alleged *prima facie* case. Whether a party, claiming under a tax-title, can prove what the law says is "suf-

Inhabitants of Orono *v.* Veazie.

ficient," is the very question in issue. While he is proving them, the party, contesting the validity of the sale, is not bound to pay " taxes, charges, and interest," for the requirements of the statute may never be made out. Until they are all made out, he is not shown to have been in default. When the owner of the tax-title has made out his *prima facie* case, he has established what, unless rebutted, is a " sufficient" title to the premises. While he is endeavoring to prove these essentials, his opponent may contest the validity of every step in the proceedings. When he has offered all the proof in his power to show the required proceedings regular, he may stop. Thus far the contestant of the validity of the sale may defend without a payment or tender. He may risk his estate upon the regularity and legality of the proceedings adduced by his opponent. But he may wish to proceed further. He may desire to defeat this title. He may wish to offer evidence *ex adverso*. He may claim, on his part, to show that the "requirements of the law" have not been complied with " in raising the money, assessing the tax, or in the subsequent proceedings for the collection thereof." If so, he must pay " the amount of all taxes, charges, and interest."

The conclusion is, that the party contesting the validity of a tax sale, may require the party, claiming under the same, " to produce the treasurer's deed, duly executed and recorded, the assessments signed by the assessors, their warrants to the collector, and to show that the taxes were advertised according to law," before he is bound to pay or tender " taxes, charges, and interest." Until their validity is *prima facie* made out, there is no tax which the land-owner is bound to pay to exonerate his estate. Resting the case there, the rights of the parties are determined solely upon the proof offered by the party claiming under the tax sale. Desirous of disproving the title thus claimed to be made, the contestant must pay or tender, if, by proof on his part, he would defeat or impeach the title of his adversary.

There may be numerous sales and tax deeds. One deed may be valid and the others convey no title. The land-owner may require the party, claiming under the tax-title in each case, to make out a

*prima facie* case. If he would contest such case by proof of any description, he must make the required payment or tender.

If a payment or tender is made, the defendant may, by any proof in his power legally admissible in this suit, contest the demandant's title. The payment is to enable him to contest. It authorizes the party contesting to maintain or defend an action.

If no tender is made, the party contesting the tax-title may maintain or defend as against the *prima facie* case of the plaintiff. If it is valid, it must prevail. If invalid and defective, it cannot be of any avail to the party claiming under it, for it could never have been the intention of the legislature that a party without, should prevail against one with the legal title; or that the court should adjudge a defective title to be one without defect. If the demandant fails to make out his *prima facie* case, he fails in proving what the statute says shall be "sufficient," and he then has, by his own showing, no title to his land, and no right to receive the taxes assessed thereon. *Case to stand for trial.*

CUTTING, KENT, DICKERSON, and TAPLEY, JJ., concurred.